UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICHOLAS WELCH,** | Civil Action No. 23-23301 (MCA) |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| **BRUCE DAVIS, et al.,** | |
| Respondents. | |

This matter has been opened to the Court by Petitioner Nicholas Welch's filing of an Amended Petition, which he brings pursuant to 28 U.S.C. § 2254, and a motion to stay his Amended Petition. (ECF Nos. 6-6, 6).  For the reasons explained below, the Court directs the Clerk to file the Amended Petition and grants the motion to stay the Amended Petition.

Petitioner originally filed what appeared to be a protective habeas petition and included in the relief section a request for a stay to exhaust the claims he raised in a second petition for postconviction relief.  (*See* ECF No. 1, Petition at 16.)  Because Petitioner did not file a motion for a stay or address the factors the Court must consider in granting a stay, as set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), the Court denied the informal request for a stay on August 30, 2024, and gave Petitioner the opportunity to file a motion for a stay within 45 days.

On October 11, 2024, Petitioner submitted an Amended Petition and a motion for a stay. (ECF No. 6-6, 6.)  In his Certification, Petitioner lists three Points that he is pursuing in a second petition for post-conviction relief ("second PCR").  (ECF No. 6-2 at 1-2.)  Generally, ineffective assistance of PCR counsel claims are not cognizable under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section

2254."). The Supreme Court has held that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), however, the Supreme Court set forth a limited exception to that general rule and held that ineffective assistance of PCR counsel at initial review proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

Here, the Court does not construe Petitioner to raise federal grounds for relief premised on ineffective assistance of PCR counsel. Rather, it construes Plaintiff to assert that the state court denied his underlying claims due to PCR counsel's alleged ineffective assistance, and Petitioner pursues federal habeas relief on those underlying claims. He seeks a stay pending the outcome of his second PCR proceedings.

In *Rhines v. Weber*, the Supreme Court held that a district court has the authority to stay a 2254 petition that includes exhausted and unexhausted claims where the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 276. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *Id.* at 278.

The Court finds that Petitioner meets the requirements for a stay and grants Petitioner's motion for a stay.[1] The matter is stayed pending the conclusion of Petitioner's state court proceedings, and the Court will administratively terminate the case at this time. Once Petitioner's state court proceedings conclude, he shall have 45 days to move to reopen this matter

---

[1] The Court does not decide whether the claims in the petition are timely, exhausted, or procedurally defaulted.

and submit a second amended petition, if necessary. Failure to do so may result in the dismissal of his Amended Petition.

**IT IS, THEREFORE**, on this 29th day of April 2025,

**ORDERED** that the Clerk of the Court shall mark this matter as **OPEN**; and it is further

**ORDERED** that the Clerk of the Court shall file the Amended Petition (ECF No. 6-6) as a separate docket entry; and it is further

**ORDERED** that the motion to stay the Amended § 2254 Petition (ECF No. 6) is **GRANTED** for the reasons stated herein; and it is further

**ORDERED** that the Clerk of the Court shall **STAY** and **ADMINISTRATIVELY TERMINATE** this matter for the duration of the stay; and it is further

**ORDERED** that once Petitioner's state court proceedings conclude, he must file a motion to reopen this matter within 45 days, along with a second amended petition, if necessary; failure to do so may result in the dismissal of his Amended Petition; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file.

_____
Hon. Madeline Cox Arleo, District Judge
United States District Court